# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SCOTT E. DUNCAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Civil Action 2:19-cv-29
Judge James L. Graham
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, Scott E. Duncan ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits and Supplemental Security Income Benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 13), the Commissioner's Memorandum in Opposition (ECF No. 18), and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

### I. BACKGROUND

Plaintiff filed his application for Title II Social Security Benefits on February 12, 2015, alleging that he had been disabled since March 15, 2014. (R. 288, 294.) On January 19, 2018, following administrative denials of Plaintiff's application initially and on reconsideration, a hearing was held before Administrative Law Judge John M. Prince (the "ALJ"). (*Id.* at 29–65.) Plaintiff, represented by counsel, appeared and testified. Vocational expert George Parsons (the

"VE") also appeared and testified at the hearing. On May 25, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at 12–23.) On August 24, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. 1–3.) Plaintiff then timely commenced the instant action. (ECF Nos. 1–2.)

## II. THE ALJ'S DECISION

On May 25, 2018, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 12–23.) At step one of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantially gainful activity since March 15, 2014, Plaintiff's alleged disability onset date. (*Id.* at 14.) The ALJ found that Plaintiff had the severe impairments of lumbosacral degenerative disc disease; history of right knee medial meniscal tear with surgery; history of tight carpal tunnel syndrome release; anxiety disorder; cluster headaches; chronic obstructive pulmonary disease; cervical spine degenerative

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

disc disease; and bilateral hip arthritis. (*Id.*) He further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 15–17.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[2] as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; only occasional overhead reaching with the right upper extremity; and frequently finger with the right upper extremity. The claimant must avoid concentrated exposure to extremes of cold, heath, and humidity; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants; and must avoid all exposure to work around dangerous machinery or unprotected heights. The claimant must avoid all work around excessively bright lights or excessively loud noises requiring eye or ear protection. The claimant is limited to simple, routine, repetitive tasks with no fast paced production work; occasional and superficial interaction with coworkers and supervisors where superficial means discussing work matters; no teamwork or tandem work; no conflict resolution or supervisory tasks; no contact with the public; and the claimant is able to adapt to occasional changes in a relatively static setting.

(*Id.* at 17.) The ALJ then relied on the hearing testimony of the VE to conclude that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. He therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (R. 23.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009)

---

[2] A claimant's RFC is an assessment of "the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

Plaintiff raises a single issue in his Statement of Errors: that the ALJ's decision is not based on substantial evidence because the ALJ relied on the VE's testimony, which was in turn inconsistent with the Dictionary of Occupational Titles ("DOT") and its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). (Statement of Errors 17–20, ECF No. 13.)

4

Social Security Ruling 00-04p states, in pertinent part, that "[w]hen there is an apparent unresolved conflict between VE [ ] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE [ ] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." SSR 00-04p, 2000 WL 1898704, *2. Where a conflict is apparent and the ALJ fails to resolve or explain the conflict, remand may be appropriate. *Dawson v. Berryhill*, No. 1:17-CV-02090, 2018 WL 6681715, at *4 (N.D. Ohio Nov. 26, 2018), *report and recommendation adopted*, 2018 WL 6675306 (Dec. 19, 2018) (collecting cases). However, for Ruling 00-04p to apply, Plaintiff must identify an actual conflict between the VE's testimony and the DOT or SCO. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 605 (6th Cir. 2009); *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009). Further, the ALJ and the VE are not bound by the DOT in making disability determinations. *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003).

At the hearing in this case, the ALJ posed a hypothetical question to the VE, inquiring whether there exist jobs in the national economy that an individual with an RFC outlined *supra* could perform. (R. 58–59.) The VE identified three example jobs from the DOT that could be performed by an individual with the above RFC: weights measure checker (222.387-074), with 45,000 jobs available nationally; protective clothing issuer (222.687-046), with 68,000 jobs available nationally, and school bus monitor (372.667-042), with 23,000 jobs available nationally. (*Id.* at 59.) The ALJ further asked the VE, "[i]s your testimony in conflict with the DOT?" to which the VE responded, "[n]o, it's not in conflict." (*Id.* at 60.) Plaintiff's counsel

cross-examined the VE, but did not inquire as to any conflicts between the VE's testimony and the DOT. (*Id.* at 60–64.)

Plaintiff argues, and the Commissioner does not contest, that despite the VE's representation to the contrary, the VE's testimony is actually in conflict with the DOT regarding the protective clothing issuer and school bus monitor jobs. (Statement of Errors 18–19, ECF No. 13; Mem. in Opp. 7, ECF No. 18.) Plaintiff is correct: the DOT's and SOC's definitions of protective clothing issuer require frequent climbing, frequent stooping, frequent crouching, and frequent crawling, whereas the ALJ's assessed RFC limits Plaintiff to no climbing of ladders, ropes, or scaffolds, only occasional climbing of ramps or stairs, and occasional stooping, crouching, and crawling. (R. 17.) Similarly, the DOT's and SOC's definitions of school bus monitor requires frequent talking and hearing (*i.e.*, frequent interaction with others), and, based on the job's description, interaction with the general public and the potential for conflict resolution (to "prevent altercations between students and damage to bus"), whereas the ALJ's assessed RFC limits Plaintiff to occasional interaction with co-workers and supervisors, no interaction with the general public, and no conflict resolution. (R. 17.)

However, the ALJ is required to obtain an explanation for conflicts between a VE's testimony and the DOT only when that conflict is "apparent." SSR 00-04p, 2000 WL 1898704, *2. Here, the ALJ expressly asked the VE if his testimony was in conflict with the DOT, and the VE responded in the negative. (R. 60.) This satisfied the ALJ's obligation under SSR 00-04p. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2009) (SSR 00-04p satisfied by the ALJ's question to the VE as to "any apparent discrepancies between the information provided by the DOT and that which [the VE] himself presented"; after the VE responded that there were no such discrepancies, "[t]he ALJ had no duty under S.S.R. 00–4p to interrogate him

6

further.") (*citing Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006) ("Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.")). Rather, it is Plaintiff's counsel's obligation to bring out any conflicts between the VE's testimony and the DOT. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168–69 (6th Cir. 2009) ("The ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p. This obligation falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not do so is not grounds for relief.") (citing *Lindsley*, 560 F.3d at 606); *see also Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir. 2008) ("[N]othing in applicable Social Security regulations requires the administrative law judge to conduct his or her own investigation into the testimony of a vocational expert to determine its accuracy, especially when the claimant fails to bring any conflict to the attention of the administrative law judge.").

Finally, Plaintiff concedes that the VE's testimony as to the weights measure checker job was consistent with the DOT. (Statement of Errors 19, ECF No. 13.) And although Plaintiff argues that the ALJ may not have concluded that Plaintiff can perform jobs that exist in significant numbers in the national economy if he were limited only to the example of the weights measure checker job (with 45,000 jobs available), the United States Court of Appeals for the Sixth Circuit has determined that 6,000 jobs in the national economy is sufficient. *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("Six thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant.'") (collecting cases). Thus, even setting aside the example jobs of protective clothing issuer and school bus monitor, the ALJ still had before him sufficient evidence to conclude that, when considering job

descriptions consistent with the DOT, "there are jobs that exist in significant number in the national economy that [Plaintiff] can perform." (ALJ Decision, R. 22.)

## V. DISPOSITION

In sum, from a review of the record as a whole, the Court concludes that substantial evidence supports the ALJ's decision denying benefits. For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE