IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Scott Duncan,

  Plaintiff,

 v.          Case No. 2:19-cv-29

Commissioner of
Social Security,

  Defendant.

## ORDER

Plaintiff Scott E. Duncan brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income benefits. The administrative law judge ("ALJ") held a hearing at which plaintiff appeared and was represented by counsel. In his decision of May 25, 2018, the ALJ found that plaintiff had severe impairments consisting of: lumbosacral degenerative disc disease; history of right knee medial meniscal tear with surgery; history of right carpal tunnel syndrome release; anxiety disorder; cluster headaches; chronic obstructive pulmonary disease; cervical spine degenerative disc disease; and bilateral hip arthritis. PAGEID 60. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work, except that:

> claimant can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, or crawl; only occasional overhead reaching with the right upper extremity; and frequently finger with the right upper extremity. The claimant must avoid concentrated exposure to extremes of cold, heat[], and humidity; must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and pulmonary irritants; and must avoid all exposure to

work around dangerous machinery or unprotected heights. The claimant must avoid all work around excessively bright lights or excessively loud noises requiring eye or ear protection. The claimant is limited to simple, routine, repetitive tasks with no fast paced production work; occasional and superficial interaction with coworkers and supervisors where superficial means discussing work matters; no teamwork or tandem work; no conflict resolution or supervisory tasks; no contact with the public; and the claimant is able to adapt to occasional changes in a relatively static setting.

PAGEID 63. After consideration of the testimony of Vocational Expert ("VE") George Parsons, the ALJ concluded that there were jobs in the national economy which plaintiff could perform and that he was not disabled. PAGEID 68-69.

This matter is before the court on plaintiff's November 6, 2019, objections to the October 23, 2019, report and recommendation of the magistrate judge recommending that the decision of the Commissioner be affirmed. The Commissioner has responded to the objections.

I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of*

2

*Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006)(quotation marks and citation omitted). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff argues that the ALJ's finding that plaintiff was not disabled is not supported by substantial evidence due to the ALJ's reliance on the VE's testimony. Based on plaintiff's RFC, the VE testified that plaintiff could perform the jobs of weights measure checker (45,000 jobs available nationally), protective clothing issuer (68,000 jobs available nationally), and bus monitor (23,000 jobs available nationally). The VE indicated that his testimony did not conflict with the Dictionary of Occupational Titles ("DOT"). PAGEID 106. However, plaintiff argues, and the Commissioner does not contest, that the DOT's job requirements for protective clothing issuer and bus monitor conflict with the limitations in plaintiff's RFC. Specifically, the position of

protective clothing issuer requires frequent climbing, stooping, crouching and crawling, whereas the RFC permits these activities only occasionally. The position of school bus monitor, as defined in the DOT, requires frequent talking and hearing, *i.e.*, activities involving interaction with the general public and conflict resolution, which are precluded under the RFC. However, plaintiff concedes that no conflict with the DOT exists in regard to the position of weights measure checker.

The court agrees with the analysis of the magistrate judge. First, at Doc. 19, p. 5, the magistrate judge referred to Social Security Ruling 00-04p, which states that

> [w]hen there is an apparent unresolved conflict between VE [] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-04p, 2000 WL 1898704, *2).

Here, the ALJ asked the VE whether his testimony was in conflict with the DOT, to which the VE responded that it was not. PAGEID 106. The magistrate judge correctly found that the ALJ thereby satisfied his obligations under SSR 00-04p, and that the ALJ was under no duty to inquire further of the VE, as there were no apparent discrepancies revealed at the hearing. Doc. 19, p. 6. *See Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 606 (6th Cir. 2992)(after the VE responded that there were no discrepancies between the information provided by the DOT and the VE's testimony, the ALJ had no duty under SSR 00-4p to interrogate him further); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir.

4

2006)(ALJ had no duty to conduct an independent investigation into the testimony of witnesses to determine if they are correct). As the magistrate noted, Doc. 19, p. 7, it was incumbent on plaintiff's counsel to bring out any conflicts between the VE's testimony and the DOT. *See Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168-69 (6th Cir. 2009)(the ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-04p); *Baranich v. Barnhart*, 128 F. App'x 481, 489 (6th Cir. 2005)(finding the ALJ committed no error when claimant's attorney voluntarily abandoned questioning of vocational expert). Plaintiff's counsel had the opportunity to examine the vocational expert at the hearing regarding whether there was any discrepancy between the DOT jobs named and the RFC, but he did not do so.

The ALJ accepted the VE's testimony that plaintiff could perform the job of weights measure checker, with 45,000 jobs available. The magistrate judge reasoned that in light of the VE's testimony concerning the weights measure checker job (45,000 jobs in the national economy), "the ALJ still had before him sufficient evidence to conclude that, when considering job descriptions consistent with the DOT, 'there are jobs that exist in significant number in the national economy that [Plaintiff] can perform.'" Doc. 19, pp. 7-8, (quoting PAGEID 69 and citing *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016)(6,000 jobs nationwide "fits comfortably within what this court and others have deemed 'significant'")).

Plaintiff argues that because two of the jobs cited by the ALJ are inconsistent with his RFC, this case must be remanded for the

ALJ to determine whether the weights measure checker job alone would support a non-disability finding. That is not the approach that has been taken by the Sixth Circuit. For example, in *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009), the claimant argued that he could not perform two of the three jobs noted by the VE. However, the court did not remand but instead held that, even assuming the ALJ's finding included jobs precluded by claimant's limitations, the ALJ's count of 2000 jobs available in the third category was sufficient to demonstrate that "significant job opportunities" were available to claimant. *Id.*

In *Free v. Social Security Admin.*, 690 F. App'x 394, 395 (6th Cir. 2017), the ALJ found that claimant could perform the jobs of packager and cleaner. Claimant argued that the VE's testimony concerning these jobs conflicted with the DOT requirements. Although the court concluded that the DOT requirements for the packager job did not conflict with claimant's RFC, the government conceded that the claimant's RFC would not permit him to perform the cleaner job. *Id.* at 395-96. The court did not remand the case to the Commissioner in light of its finding that the claimant could not perform the cleaner job. Rather, the court looked to the remaining packager job and concluded, "Because the vocational expert identified over 400,000 packaging jobs nationwide that Free could perform, substantial evidence supports the ALJ's finding that Free is not disabled." *Id.* at 396 (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157-58 (6th Cir. 2009)(concluding that the ALJ's erroneous reliance on one of the jobs identified by a vocational expert was harmless because the expert otherwise identified a significant number of jobs in the national economy

6

that the claimant could perform.)).

This court concludes that the VE's testimony that an individual with plaintiff's RFC would be capable of performing 45,000 weights measure checker jobs existing in the national economy constitutes substantial evidence supporting the ALJ's finding that plaintiff was capable of performing "other work that exists in significant numbers in the national economy." PAGEID 69.

Plaintiff also contends that the magistrate did not address his argument that the ALJ's non-disability finding was not supported by substantial evidence. The court notes that plaintiff's sole claim of error concerned whether the VE's testimony conflicted with the DOT with respect to two of the jobs identified in that testimony. Doc. 13, pp. 17-20. In his argument, plaintiff stated:

> Plaintiff asserts this must lead to a finding that the ALJ's finding at step 5 of the sequential evaluation process (i.e., his finding that Mr. Duncan can perform jobs that exist in significant numbers in the national economy) is not based on substantial evidence. This must lead to a finding that the non-disability finding is not based on substantial evidence.

Doc. 13, pp. 19-20. Because the magistrate judge rejected plaintiff's initial argument (that the ALJ's finding that plaintiff could perform work existing in significant numbers in the national economy was not supported by substantial evidence), there was no need for the magistrate judge to reach the contingent issue raised by the last sentence quoted above of whether that alleged error undermined the ALJ's non-disability finding. Plaintiff's statement of errors did not specifically attack the soundness of the ALJ's reasons for the non-disability finding in any other respect, so there were no other issues for the magistrate judge to

7

address.

The court also notes that the magistrate judge did state that "from a review of the record as a whole, the Court concludes that substantial evidence supports the ALj's decision denying benefits." Doc. 19, p. 8. This court agrees. The ALJ thoroughly discussed plaintiff's medical history and concluded that his statements claiming debilitating symptoms were not consistent with the medical record and his daily activities, which included washing dishes, driving, grocery shopping, managing a bank account, engaging in hobbies and interacting with others. PAGEID 63-64, 66. The ALJ noted that plaintiff reported helping a friend lift a lawnmower in 2014, injuring his left hip while packing wood into the house in March of 2017, and being struck in the eye with a piece of wood while weed wacking in August of 2017. PAGEID 66. The ALJ noted plaintiff's treatment history, including normal exam results and the fact that his surgeries went well without significant complications. PAGEID 64-66. The ALJ also discussed the expert opinions in the record, giving them some weight but concluding, in light of the records not available to those experts, that plaintiff's impairments were somewhat more limiting than was concluded by those experts. PAGEID 66-67. The ALJ's non-disability determination is supported by substantial evidence, and plaintiff's objections are not well taken.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence. The court adopts the report and recommendation (Doc. 19). The decision of the Commissioner is affirmed, and this action is dismissed. The clerk is directed to enter final judgment in

this case.

It is so ordered.

Date: December 13, 2019        _____s/James L. Graham_____
                               James L. Graham
                               United States District Judge